IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANH LINH NGUYEN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-00488-B (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### **FINDINGS, CONCLUSIONS AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Anh Linh Nguyen filed a petition for a writ of error *coram nobis* under 28 U.S.C. § 1651. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Nguyen's petition.

## **Background**

Nguyen is a citizen of Vietnam. Pet. 2 (ECF No. 1). He came to the United States as a refugee in 1991. *Id*. He later acquired legal status as a Lawful Permanent Resident and married a U.S. citizen. *Id*.

On October 4, 2007, Nguyen pleaded guilty to conspiracy to commit mail fraud and healthcare fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. §§ 1341 and 1347). *See United States v. Nguyen*, 3:07-cr-178-B (10) (N.D. Tex.). The District Court sentenced him to four months' imprisonment and imposed a three-year term of supervised release. Nguyen did not appeal his conviction or sentence to the Fifth Circuit Court of Appeals.

1

After the completion of his sentence and while he was on supervised release, United States Immigration and Customs Enforcement (ICE) initiated removal proceedings against Nguyen and ultimately ordered him removed. In response to the commencement of removal proceedings, Nguyen filed a petition for a writ of error *coram nobis* in this Court. *See United States v. Nguyen*, 3:11-cv-3192-P-BF (N.D. Tex.). Nguyen argued that the Court should vacate his guilty plea because it was not knowing and voluntarily made as his attorney and the Court failed to adequately advise him of the consequences of his criminal conviction on his ability to remain in the United States. *Nguyen*, 3:11-cv-3192-P-BF, ECF No. 1 at 8-12. However because Nguyen was still on supervised release, and therefore still "in custody," the District Court construed his filing as a § 2255 motion, dismissed it as time-barred, denied a certificate of appealability, and entered judgment. *Nguyen*, 3:11-cv-3192-P-BF, ECF Nos. 7-9. The Fifth Circuit Court of Appeals also denied a certificate of appealability. *See Nguyen*, 3:11-cv-3192-P-BF, ECF No. 12.

On February 26, 2019, Nguyen filed a second petition for a writ of error *coram nobis*, in which he renews his arguments from the earlier case. Pet. (ECF No. 1). Specifically, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), Nguyen argues that his attorney provided ineffective assistance of counsel by failing to advise him that his conviction could result in his deportation. Pet. 8-16; *see also Nguyen*, 3:11-cv-3192-P-BF, ECF No. 1 at 5-9. Nguyen avers that his attorney failed to provide any advice on potential immigration consequences. Nguyen also argues that the Court violated his due process rights and steered him to an unknowing guilty plea

2

when it failed to advise him of the potential immigration consequences of his criminal conviction. Pet. 17; *see also Nguyen*, 3:11-cv-3192-P-BF, ECF No. 1 at 11. In its response, the Government argues Nguyen is not entitled to a writ of error *coram nobis* because: (i) he cannot show a complete miscarriage of justice; (ii) his claims are meritless; and (iii) even if his claims had merit, the doctrine of laches would bar him from raising his claims a full decade after his conviction. Nguyen filed a reply. Therefore, the petition is ripe for determination.

## Legal Standards

A writ of error *coram nobis* is "an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction[.]" *United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir.1996)); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). A petitioner must show that a fundamental error justifies vacating his conviction and that sound reasons exist for his delay in seeking earlier relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (*coram nobis* will issue only to correct errors of "the most fundamental character" and "sound reasons" must exist for failure to seek appropriate relief earlier) (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). A petitioner must also show that the error challenged is of a sufficient magnitude to justify the extraordinary relief sought, a "complete miscarriage of justice."

3

*Jiminez*, 91 F.3d at 768 (citing *Castro*, 26 F.3d at 557); *see also Esogbue*, 357 F.3d at 535. A writ of *coram nobis* is only available when "no other remedy may be available." *See United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989); *see also Dyer*, 136 F.3d at 422. The Supreme Court has noted that it "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The writ of *coram nobis* should "not be used as a substitute for appeal and should only be employed to correct errors 'of the most fundamental character.'" *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512); *see also Esogbue*, 357 F.3d at 535. A writ of *coram nobis* also cannot be used to "override" § 2255's statute of limitations or to "circumvent" the restrictions it imposes on unauthorized, successive motions. *Frasier v. United States*, 343 F. App'x 985, 986 (5th Cir. 2009) (per curiam). "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *Dyer*, 136 F.3d at 422.

## Analysis

A. <u>Nguyen previously raised the same claims and was not successful, so he cannot show a complete miscarriage of justice</u>.

For the most part, Nguyen concedes that he previously attempted to litigate the claims he raises now. Pet. 5, 10 (ECF No. 1). To the extent he is bringing the same claims he presented in his earlier petition (which was construed as a § 2255 motion), Nguyen is not entitled to a writ of error *coram nobis*. After all, "[t]he

'regurgitation' of claims already presented in an unsuccessful § 2255 petition does not make 'the necessary showing of a complete miscarriage of justice." *United States v. Tucker*, 555 F. App'x 434, 434-35 (5th Cir. 2014) (per curiam) (quoting *Esogbue*, 357 F.3d at 535) (internal quotation marks omitted)). The Court should dismiss Nguyen's claims to the extent the Court previously addressed and denied those claims in his § 2255 motion. *See United States v. Miller*, 705 Fed. App'x 325, 326 (5th Cir. 2017) (per curiam) (denying relief on a petition for writ of *coram nobis* where the petitioner's argument was previously addressed and denied in his § 2255 motion) (citing *Esogbue*, 357 F.3d at 535).

Nguyen contends that there are two arguments he did not raise—and could not have raised—in his prior § 2255 motion. Pet. 9-10 (ECF No. 1). First, Nguyen argues that his situation has become more dire since the government stopped honoring a Memorandum of Understanding that prevented the removal and repatriation of Vietnamese Nationals who left Vietnam prior to 1995. Pet. 9 (ECF No. 1) (emphasis removed). But this alleged new fact does not bear on his claim that his conviction is invalid because his attorney failed to adequately advise him prior to pleading guilty that a conviction may result in his deportation. Indeed, this claim has been present in the case since the Court entered judgment; and Nguyen raised this claim in his earlier petition. That he now allegedly faces an increased possibility of being removed is not a sound reason for failing to timely attack his conviction on this basis under § 2255 when he was in custody.

Next, Nguyen attempts to excuse his delay by relying on "the associated aspects of retroactive influence" in *Padilla*—particularly *Lee v. United States*, 137 S. Ct. 1958, 198 L.Ed2d 476 (2017). Pet. 10 (ECF No. 1). In *Lee*, the Supreme Court clarified its standard for showing prejudice in the context of a guilty plea, emphasizing the need for a case-by-case examination of the totality of the evidence. 137 S. Ct. at 1966. The Court declined to adopt an automatic rule denying prejudice claims when the defendant cannot mount a viable defense and warned against courts "upset[ting] a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1966-67. But nothing in *Lee* provides a legitimate reason for failing to timely raise a *Padilla* claim, and *Lee* does not make the rule set forth in *Padilla* retroactive. Moreover, Nguyen fails to suggest why he could not seek relief through a writ of error *coram nobis* prior to the Supreme Court's holding in *Lee*, or why he waited eighteen months thereafter to file his petition. Nguyen's failure to explain the delay and offer sound reasons for failing to challenge his conviction until more than a decade after he entered his plea, and almost seven years after this Court rejected the same claims in his earlier petition, is fatal. *See Esogbue*, 357 F.3d at 535 (a petitioner must have sound reasons for failing to seek relief earlier) (citing *Dyer*, 136 F.3d at 422)); *see also United States v. Morris*, 678 F. App'x 272, 272 (5th Cir. 2017) (per curiam) ("In order to satisfy the requirements for filing a writ of coram nobis, the movant must present 'sound reasons' for 'failure to seek appropriate earlier relief.'") (quoting *Dyer*, 136 F.3d at 422) (internal quotation marks and

6

citation omitted)); *United States v. Deberry*, 481 F. App'x 885, 886 (5th Cir. 2012) (per curiam) (denying the petitioner relief where he provided no sound reason for failing to seek relief earlier).

In sum, even if Nguyen could have raised the two new arguments in his earlier petition, he has failed to provide a legitimate reason for waiting so long to file this petition. Nguyen's request for *coram nobis* relief should therefore be denied.

B. <u>Nguyen's ineffective assistance of counsel claim fails on the merits.</u>

Nguyen agues that his attorney failed to provide any advice on the immigration consequences of his guilty plea. Pet. 8, 11-12, 15-17 (ECF No. 1). However because Nguyen fails to demonstrate that his attorney provided deficient performance, this ineffective assistance of counsel claim fails under *Strickland*.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if a petitioner proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the [petitioner] must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Nguyen pleaded guilty in this Court on October 4, 2007. At that time, Fifth Circuit precedent provided that a lawyer was not constitutionally deficient under *Strickland* if he failed to advise his criminal client about the collateral-immigration consequences of a guilty plea. *See United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) ("Failure by counsel to advise a client of . . . collateral eventualities would not constitute a Sixth Amendment violation just as failure by the court to inform of such collateral consequences does not violate Fed. R. Crim. Proc. 11."), abrogated by *Padilla v. Kentucky*, 559 U.S. 356 (2010). In pertinent part, in *Banda*, the Fifth Circuit held, "[d]efense counsel has done all he must under the Constitution when he advises his client of the direct consequences of a guilty plea." *Id.*; *see also Santos-Sanchez v. United States*, 548 F.3d 327, 336 (2008) (holding that defense counsel must only advise a defendant about the direct consequences of his guilty

8

plea and not collateral consequences), abrogated by *Padilla v. Kentucky*, 559 U.S. 356 (2010).

On March 31, 2010, the Supreme Court handed down its decision in *Padilla v. Kentucky*, and at that time, effected a change in the law in the Fifth Circuit. 559 U.S. at 369 ("When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending charges may carry a risk of adverse immigration consequences."). In *Padilla*, the Supreme Court held that the Sixth Amendment right to counsel includes the right for non-citizens to be advised of possible immigration consequences of a guilty plea. *Id.* at 374 ("[W]e now hold that counsel must inform her client whether his plea carries a risk of deportation."); *see also Chaidez v. United States*, 568 U.S. 342, 344 (2013) (referencing the Court's holding in *Padilla*). In support of its holding in *Padilla*, the Supreme Court noted that based on Sixth Amendment precedent, the seriousness of deportation as a consequence of a guilty plea, and the impact of deportation on families living lawfully in the United States "demand[ed] no less." *Id.* at 374.

Nguyen did not appeal his conviction or sentence, and it became final in March 2009, approximately one year before the Supreme Court announced its decision in *Padilla*.[1] Therefore, for Nguyen to show that his attorney provided

---

[1] In Nguyen's criminal case, the Court entered judgment on March 5, 2009, (*Nguyen*, 3:07-cr-178-B (10), ECF No. 666 (J.), and an amended judgment, on March 10, 2009. (*Nguyen*, 3:07-cr-178-B (10), ECF No. 668 (Am. J.). The amended judgment merely corrected the United States Marshals' number, a typographical

deficient performance, *Padilla* must set forth a "new rule" that applies retroactively to cases on collateral review. The Supreme Court has held that *Padilla* announced a "new rule." *Chaidez*, 568 U.S. at 354; *see also Teague* v. Lane, 489 U.S. 288, 301 (1989) (A case announces a "new rule" if "it breaks new ground or imposes a new obligation" on the government.). However, the Supreme Court has also held that "*Padilla* does not have retroactive effect." *Chaidez*, 568 U.S. at 344; *see also Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021) ("This Court has repeatedly stated that a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on federal collateral review.") (citing *Teague*, 489 U.S. at 310). Consequently, "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Chaidez*, 568 U.S. at 358.

Nguyen argues that "*Padilla* should be understood to have been dictated by prior precent existing as of the date of Mr. Nguyen's plea agreement since *Padilla* was nothing more than clarifying the then current law in relation to establishing was [sic] constitutes 'prejudice' endured by a non-citizen undergoing the criminal plea process." Pet. 12 (ECF No. 1). Further, he argues that *Padilla* is little more than a "specific application of *Strickland*, an old rule." *Id.* Nguyen contends that

---

error. Nguyen did not file a direct appeal, and his judgment became final when his time for seeking direct review expired. *See United States v. Plascensia*, 537 F.3d 385, 390 (5th Cir. 2008) (a criminal conviction becomes final when the time for filing a direct appeal expires). Nguyen's judgment therefore became final in March 2009. *See* Fed. R. App. P. 4(b)(1)(A)(i) (at the time Nguyen's judgment entered in March 2009, he had 10 days, excluding weekends, to file a notice of appeal in a criminal case, but the rule was amended in December 2009 to allow 14 days).

10

the "prejudice" aspect of *Padilla* is not a "new rule," so it applies retroactively. *Id.* 13. He further contends, "Padilla in the current effect should in fact apply retroactively in this matter." *Id.*

In support of Nguyen's argument that the "prejudice" aspect of *Padilla* is retroactively applicable, he relies primarily on *Lee v. United States*, 137 S. Ct. 1958 (2017). Pet. 13-14 (ECF No. 1). In *Lee*, the Court found:

> The first requirement [under the *Strickland* standard] is not at issue in today's case: The Government concedes that Lee's plea-stage counsel provided inadequate representation when he assured Lee that he would not be deported if he pleaded guilty. The question is whether Lee can show he was prejudiced by that erroneous advice.

137 S. Ct. at 1964 (internal cite omitted). However, *Lee* fails to provide Nguyen with support for his argument. Nguyen's argument, focused on the prejudice prong of *Strickland*, is misplaced because it fails under the performance prong. *Strickland*, 466 U.S. at 687 (ineffective assistance of counsel requires proof of both prongs). Nguyen's attorney's actions were consistent with the then-existing precedent at the time Nguyen pleaded guilty, and Nguyen's attempts to hold his attorney up to the standard set forth years later in *Padilla* must fail.

Additionally, Nguyen's case is factually distinguishable from *Lee*. In *Lee*, the Government conceded that Lee's attorney's performance was inadequate representation under *Strickland*. However, in Nguyen's case, there has been no such concession. In fact, the Government represents that it does not believe that Nguyen's attorney provided deficient performance in any respect. Resp. 12 (ECF

11

No. 17). Therefore, despite Nguyen's argument to the contrary, *Lee* does not undermine the Supreme Court's holding in *Chaidez*.

Considering the state of the law at the time of Nguyen's guilty plea, his attorney did not provide deficient performance, and the Court need not address prejudice. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku v. United States*, 2021 WL 2690091, at *9 (N.D. Tex. June 14, 2021) (same), *rec. adopted*, 2021 WL 2685283 (N.D. Tex. June 30, 2021). And because *Padilla* does not apply retroactively, *Chaidez*, 568 U.S. at 358, Nguyen is not entitled to benefit from the Supreme Court's subsequent holding in *Padilla*. For these reasons, Nguyen's ineffective assistance of counsel claim fails under the performance prong of *Strickland*, and the Court should deny this claim.

### C. Nguyen's claim that this Court led him into an unknowing plea fails because it is foreclosed by Fifth Circuit precent.

Nguyen argues that this guilty plea was unknowing because he did not understand the consequences of a conviction on his ability to remain in the United States. Pet. 17-19 (ECF No. 1). A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Bousley v. United States*, 523 U.S. 614, 618

12

(1998) (finding that a guilty plea is intelligently made when the defendant has "real notice of the true nature of the charge against him.") (internal quotation marks and citation omitted). A determination of whether a defendant understands the consequences of his guilty plea, however, does not require a trial court to determine that the defendant has a perfect understanding of the consequences. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Rather, a trial court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea *See id.* Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Id.* A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).

Federal Rule of Criminal Procedure 11 was amended in 2013, long after Nguyen's guilty plea had been accepted, and following the amendment, Rule 11 required district courts to advise defendants generally of the potential for immigration consequences. Fed. R. Crim. P. 11(b)(1)(O). However, at the present time, the Fifth Circuit has not yet addressed whether *Padilla* requires that a district court's failure to warn a defendant of immigration consequences gives rise to a Due Process claim based on an unknowing and involuntary guilty plea. *See United States v. De La Cruz-Trejo*, 518 F. App'x 286, 286 (5th Cir. 2013) (per curiam)

13

("We have yet to address whether *Padilla*-which addressed counsel's duties under the Sixth Amendment rather than a district court's obligation under Rule 11 and the Due Process Clause-affects our established jurisprudence that a district court is not required to advise a defendant of the immigration consequences of a guilty plea.") (citing *United States v. Osiemi*, 980 F.2d 344, 349 (5th Cir. 1993)). Following *Padilla*, the Fifth Circuit has held, "[i]t is counsel's duty, not the court's, to warn of certain immigration consequences[.]" *United States v. Urias-Marrufo*, 744 F.3d 361, 369 (5th Cir. 2014); *see also United States v. Rodriquez-Penton*, 547 F. App'x 738, 740 (6th Cir. 2013) (rejecting the defendant's claim that the district court's failure to warn him of immigration consequences violated his Due Process rights); *United States v. Youngs*, 687 F.3d 56, 62 (2d Cir. 2012) ("[T]he *Padilla* Court's unwillingness to apply the direct/collateral distinction in the Sixth Amendment context does not demonstrate the Court's intention to do away with that distinction entirely in the Fifth Amendment context."); *United States v. Delgado-Ramos*, 635 F.3d 1237, 1240 (9th Cir. 2011) ("Because the defendant in *Padilla* raised only a Sixth Amendment claim, the Court had no occasion to consider the scope of a district court's obligation under Rule 11, whether a defendant's due process rights are violated if the court fails to inform him of the immigration consequences of his plea, or the continued viability of the distinction between direct and collateral consequences in the due process context[.]"); *United States v. Nicholson*, 676 F.3d 376, 381 n.3 (4th Cir. 2012) (noting that *Padilla* did

not address a district court's obligations under Rule 11 and referring to the Ninth Circuit's holding in *Delgado-Ramos*, 635 F.3d at 1239-41).

Considering the Fifth Circuit precedent, Nguyen's argument that his guilty plea was unknowing because he did not understand the immigration consequences is foreclosed. Moreover, as discussed, to the extent that the Court failed to warn Nguyen of potential immigration consequences, it does not provide him with a basis to set aside his guilty plea. *See De La Cruz-Trejo*, 518 F. App'x at 286 (noting that the Fifth Circuit has not addressed whether a district court must advise a defendant of the immigration consequences of his guilty plea, and under the Fifth Circuit's established precedent, there is no such duty). Finally, even if Nguyen could demonstrate that *Padilla* overruled Fifth Circuit precedent on the issue, it would be of no consequence to Nguyen because *Padilla* does not apply retroactively on collateral review to an already final conviction. *See Chaidez*, 568 U.S. at 358. Accordingly, the Court should deny this claim.

Because Nguyen's attacks on his conviction lack merit, the Court should pretermit consideration of the Government's argument that the doctrine of laches bars his claims for relief.

## Recommendation

The Court should DENY Nguyen's petition for a writ of error *coram nobis*.

Signed September 29, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).